

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *Iván A. Méndez, Jr.*<br>*Assistant Corporation Counsel*<br>Labor and Employment Law Division<br>Telephone: (212) 356-2450<br>E-mail: imendez@law.nyc.gov |
|---|---|---|

February 14, 2023

Via ECF:
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

          Re:    Garvey et. al. v. City of New York et. al.
                 23-cv-00517-KAM-VMS

Dear Judge Matsumoto:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendant City of New York and Eric Adams in the above-referenced action. I write, in accordance with Rule III.B.1. of Your Honor's Individual Motion Practices and Rules, to respectfully request a pre-motion to conference to discuss Defendants' anticipated motion to dismiss the Complaint. As detailed below, Plaintiffs' Complaint suffers from several fatal deficiencies and is subject to dismissal.

      Plaintiffs are 16 former New York City Department of Sanitation ("DSNY") employees who allege that the City's COVID-19 vaccination requirement for employees ("Mandate"), violates the federal Constitution, as enforceable under 42 U.S.C. § 1983. Plaintiffs assert an Equal Protection Clause violation under a theory of selective enforcement.

## I.    Procedural History

      Plaintiffs boldly admit to this Court that they brought a State Court hybrid proceeding on July 20, 2022 seeking both Article 78 relief and declaratory judgement. See Exh. A (Petition in Garvey et. al. v. City of New York et al., Index No. 85163/2022) (hereinafter the "State Court Proceeding"). Plaintiffs in this case challenged the Mandate in the State Court Proceeding on largely the same grounds as presented to this Court. Defendants in that proceeding – who are virtually the same Defendants as in this case[1] -- served their Verified Answer on Petitioners on October 6, 2022. The Court ruled in favor of Petitioners on October 25, 2022, granting Article 78 relief as well as a declaratory judgement. See Compl. at pg. 12, fn. 4. Defendants appealed the Court's decision on October 25, 2022 and that appeal in currently ongoing.

---

[1] In addition to naming the City of New York and Mayor Adams, Petitioners also named the New York City Department of Health and Mental Hygiene ("DOHMH"), and DOHMH Commissioner Dave Chokshi in their state court proceeding.

Plaintiffs then filed the instant action on January 24, 2023 alleging violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## II. Plaintiffs' Claims are Barred by Res Judicata.

As recently as June 4, 2020, the Second Circuit has held that § 1983 claims were barred by res judicata where the plaintiff brought a previous state court hybrid proceeding based on the same transaction or series of transactions. In that case, Corbett v. City of New York, 816 Fed. Appx. 551, 554 (2d Cir. 2020), the Court held that where a plaintiff seeks Article 78 relief as well as declaratory judgement and the Court addresses both claims, plaintiff is barred from bringing a new federal § 1983 claim based on the same transaction, because such a claim could have been raised in the hybrid state court proceeding. Id.

In addition, the Court rejected arguments that plaintiff had not sought damages relief in the hybrid proceeding, stating that "[r]es judicata bars all claims that *could have been raised*, not just those actually raised." Id. (citing Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008)) (emphasis in original).

The Second Circuit's holding in Corbett is consistent with New York's transactional approach to res judicata. Under that approach, "'if claims arise out of the same factual grouping they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief.'" Harris ex rel. Harris v. BNC Mortg., Inc., 737 F. App'x 573, 575 (2d Cir. 2018) (citing Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986)).

Here, the State Court Proceeding was adjudicated on the merits and, with the exception of DOHMH and the former DOHMH Commissioner, the parties in both proceedings are identical. Given that both the instant action and the State Court Proceeding are based upon the same transaction or series of transactions, the instant action is barred by res judicata and should be dismissed.

## III. Plaintiffs Fail to State a Selective Enforcement Claim

To state an equal protection claim "on a theory of selective enforcement or selective treatment, a plaintiff must show that: (1) 'he, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, or to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the plaintiff.'" Vaher, 916 F. Supp. 2d at 433 (alterations omitted) (quoting Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995)). "A plaintiff generally must satisfy both elements to establish a claim of selective enforcement," LaTrieste Rest. v. Village of Port Chester, 188 F.3d 65, 70 (2d Cir. 1999), though there is some disagreement within the Second Circuit regarding the degree of similarity necessary to adequately allege an equal protection claim under this theory, see Butler v. Bridgehampton Fire Dist., No. 14-CV-1429(JS)(SIL), 2015 U.S. Dist. LEXIS 38061, at *4 (E.D.N.Y. Mar. 25, 2015) (recognizing the "split regarding the definition of 'similarly situated' in selective enforcement and class-of-one cases").[2]

---

[2] While some courts evaluate whether a comparator is similarly situated under the same standard used in "class of one" equal protection claims, see, e.g., Kamholtz v. Yates County, No. 08-CV-6210, 2008 U.S. Dist. LEXIS 97985,

However, regardless of the standard, Plaintiffs fail to plausibly plead either element of such a claim. At the motion to dismiss stage, a court must determine whether, based on a Plaintiffs' allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated. Thus, "[w]ell-pled facts showing that the plaintiff has been treated differently from others similarly situated, remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim." Bishop v. Best Buy, Co., No. 08 Civ. 8427 (LBS), 2010 U.S. Dist. LEXIS 110631, at *11 (S.D.N.Y. Oct. 13, 2010) (citation and internal quotation marks omitted) (dismissing the plaintiff's equal protection claim because he failed to allege any similarly situated individuals who were treated differently); see also Deprima v. City of N.Y. Dep't of Educ., No. 12-CV-3626 (MKB), 2014 U.S. Dist. LEXIS 37866, at *6 (E.D.N.Y. Mar. 20, 2014) (dismissing selective enforcement claim where the plaintiff's allegations lacked "any facts showing that [certain individuals] [were] similarly situated to [the] [p]laintiff") (emphasis omitted)).

Here, Plaintiffs provide *no* comparators outside of their all-encompassing group which includes "other workers in the City plus members of the public". See Compl. at ¶ 92. Instead, their selective enforcement claim is based upon the fact that the City repealed the private employer mandate before repealing the public employee mandate, and that it therefore treated public employees differently from private employers. Id., ¶¶ 70-71.  Under either standard, Plaintiffs fail show they were treated differently from others similarly situated. In addition, Plaintiffs fail to plausibly plead that this alleged "disparate treatment of Plaintiffs" was motivated by an impermissible reason, such as race or religion. And, to the extent that they seek to advance a "class of one" claim, they cannot meet the much higher burden of similarity applicable to such cases. See FN2, supra.

For the foregoing reasons, Defendants respectfully request a pre-motion conference to address their anticipated motion to dismiss the Complaint.

Respectfully submitted,
/s/
Iván A. Méndez, Jr.
Assistant Corporation Counsel

---

at *5 (W.D.N.Y. Dec. 3, 2008) (noting that "[t]he level of similarity between [the] plaintiffs and the persons with whom they compare themselves must be extremely high" in both the selective enforcement and class-of-one contexts (internal quotation marks omitted)), aff'd, 350 F. App'x 589 (2d Cir. 2009), others apply a less demanding standard to selective enforcement claims, see, e.g., Tower Props. LLC v. Village of Highland Falls, No. 14-cv-4502 (NSR), 2015 U.S. Dist. LEXIS 88457, at *8 (S.D.N.Y. July 7, 2015) (adopting "a less stringent standard" whereby the "[p]laintiff must identify comparators whom a prudent person would think were roughly equivalent" (alterations and internal quotation marks omitted)); Vassallo v. Lando, 591 F. Supp. 2d 172, 184 (E.D.N.Y. 2008) (explaining that a selective enforcement claim requires a plaintiff and comparator to be "similarly situated in all material respects" (internal quotation marks omitted)).