# LAW OFFICE OF CHAD J. LAVEGLIA PLLC 

February 18, 2023

Re:     Garvey et al., v Eric Adams et al.,
        Docket No. 1:23-cv-00517 (KAM-VMS)
        Pre-motion conference letter in response

**Via ECF**
Hon. Judge Kiyo A. Matsumoto
United States District Court
For the Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Dear Hon. Judge Matsumoto:

Plaintiffs submit this letter in response as authorized by this Court's Order dated February 15, 2023.

## BACKGROUND

Plaintiffs prior suit in State Court relied on very different grounds. Nonetheless, Plaintiffs State action was a hybrid proceeding. However, Defendants apply res judicata in a vacuum. It is not a bar considering the facts here.

## PLAINTIFFS EQUAL PROTECTION CLAUSE CLAIMS ARE NOT BARRED BY RES JUDICATA

It is true that res judicata ordinarily bars a plaintiff who brings a hybrid proceeding in state court from bringing a §1983 action in federal court based on the same transactions or claim. *See e.g.* TechnoMarine SA v. Giftports, Inc 758 F.3d 493, 500 [2d Cir. 2014], Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't, 393 F. Appx 808, 813 [2d Cir. 2010].

Plaintiffs current action against the Defendants is based on new, continuous conduct. Claim preclusion does not bar a subsequent action "even if the new claim is premised on facts representing a continuance of the same course of conduct." Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 [2d Cir. 2015].

In TechnoMarine SA v. Giftports, Inc the plaintiffs sued the defendants for trademark infringement. 758 F.3d 493, 497 [2d Cir. 2014]. Subsequently, the parties reached a settlement, which constituted an adjudication for the purposes of the claim preclusion doctrine. *id.* at 499 fn. 4. Plaintiffs brough a subsequent suit claiming that the defendants had committed trademark infringement again

*id.* at 498. The Second Circuit held that res judicata did not bar the litigation "alleging instances of the same type of [infringing] conduct alleged in the [prior] litigation" *id.* at 503. The Court reasoned in part, that a plaintiff cannot be barred from bringing a suit for conduct that had not occurred yet *id*.

Here, Eric Adams continued to enforce an unconstitutional vaccine mandate post judgment. Specifically, from October 25, 2022, through February 6, 2022. Similarly, Plaintiffs are alleging new, continuing instances of constitutional violations. Furthermore, Eric Adams' discriminatory intent did not ripen until after the judgement. As such, Plaintiffs claims are not barred by the doctrine of res judicata.

## DEFENDANTS MISCONSTRUE THE PLAUSIBLE EQUAL PROTECTION CLAIMS

Plaintiffs' equal protection claims are more than plausible. The elements of a selective enforcement claim are "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Zahra v. Town of Southold, 48 F.3d 674, 683 [2d Cir. 1995]. Furthermore, "similarly situated" is less stringent for selective enforcement claims. It simply requires a "reasonably close resemblance" between a plaintiff's and comparator's circumstances. Airday v. City of New York, 2020 WL 4015770 [S.D.N.Y. 2020] *citing* Hu v. City of New York, 927 F.3d 81 [2d Cir. 2019].

In this case, the virus that causes COVID-19 is a threat present everywhere people gather in public *see* N.F.I.B. v. OSHA 595 U.S. __ [2022]. Furthermore, any human being can contract and spread the virus. Since Plaintiffs are human beings who work outside, there is a "reasonably close resemblance" between Plaintiffs circumstances and other human beings who gather in public. Thus, Plaintiffs are similarly situated with all people who exist in public spaces.

In addition, requiring only city employees to get the shot is completely irrational since no virus infects human beings depending on their job title or who employs them. Hence, mandating sixteen (16) sanitation employees to get the COVID-19 shot is completely irrational. Moreover, terminating them for opposing it is—as one alleged basis—a bad faith intent to injure them. (*See e.g.* Comp. ¶¶ 88-137 alleging a myriad of factual basis for motivated intent to discriminate based on impermissible reasons).

When there was a measles outbreak in Williamsburg Brooklyn the City did not pick and choose folks to get vaccinated *see* C.F. v. NYC Dep't of Mental Health and Hygiene, 191 A.D.3d 52 [2d Dept. 2020]. Everyone in the area had to be vaccinated *id.* If the City arbitrarily only forced men over the age of 34 to get vaccinated for instance and took their homes away if they opposed, there would be a plausible claim of selective enforcement.

      Analogously, Defendants here targeted Plaintiffs with no rational basis, terminated them, and continued enforcing the vaccine mandate for only them. This is the epitome of selective enforcement. Furthermore, Eric Adams did not even enforce the mandate for other workers in the city. Thus, Defendants incorrectly assert that Plaintiffs claim is because Eric Adams repealed the private sector mandate. Eric Adams never enforced the private sector mandate, and even made exceptions for professional athletes and performers. This is also selective enforcement. Plaintiffs' claims squarely rest on continuing, new disparate treatment in violation of the Fourteenth Amendment. As such, defendants have no leg to stand on.

      Accordingly, this Court should hold a pre-motion conference limiting Defendants anticipated motion to dismiss.

Dated:      February 18, 2023
               Hauppauge, New York

                                       Respectfully Submitted,

                                       _____
                                       By: Chad J. Laveglia Esq.,
                                       Law Office of Chad J. LaVeglia PLLC
                                       350 Motor Parkway, Ste #308
                                       Hauppauge, NY 11788
                                       (631) 450-2468
                                       claveglia@cjllaw.org